PRO SE OFFICE

```
┌──────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: 8 3 12           │
└──────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Moses Perl;** )<br> *Plaintiff,* )<br> )<br> )<br> **v.** )<br> )<br> )<br> **COHEN & SLAMOWITZ, LLP;** )<br> *Defendant,* )<br> ) | Case No. <u>**7:12-cv-04796-ER**</u><br><br>**TRIAL BY JURY DEMANDED** |

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681(p), § 1692k(d), and 28 U.S.C. § 1331, 28

   U.S.C. § 1337, 28 U.S.C. § 2201, 15 U.S.C. § 1691 *et seq.*

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Moses Perl, (hereinafter "Plaintiff"), a natural person, who resides

   in Orange County, New York and is a consumer as defined by FCRA 15 U.S.C. § 1681a(c) &

   FDCPA 15 U.S.C. § 1692a(3).

4. The Defendant in this lawsuit is COHEN & SLAMOWITZ, LLP (hereinafter "Defendant") an

   unknown entity with offices at 199 Crossways Park Drive, Woodbury, NY 11797-9004, and is a

   "furnisher of consumer information" to consumer reporting agencies 15 U.S.C. § 1681s-2.

5. Defendants are engaged in the collection of debts from consumers Defendants are "debt collector" as

   defined by the FDCPA, 15 U.S.C. § 1692a(6).

### VENUE

6. The occurrences which give rise to this action occurred in Orange County, New York and

Plaintiff resides in Orange County, New York.

7.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

8.  Plaintiff obtained his consumer credit report from the credit reporting agencies and found entries by entities that he was unfamiliar with in the report.

9.  Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on June 6, 2011 and on July 16, 2011.

10. On or about February 1, 2012 Plaintiff received a letter from Defendant which demanded payment in the amount of $3,489.68 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly transferred to Defendant for collection from Plaintiff.

11. On or about February 13, 2012, Plaintiff mailed to the Defendant via U.S. Certified Mail Receipt # 7011 2970 0002 6272 1872 a timely dispute letter and requested a demand for validation also informed them that Plaintiff never incurred any financial obligation with them and demanded that the inquiry on Plaintiff's consumer credit report to be removed.

12. On or about February 18, 2012 Plaintiff received a second letter from Defendant which demanded payment in the amount of $3,495.25 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly transferred to Defendant for collection from Plaintiff.

13. The letter stated that *"THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR"*.

14. Upon Plaintiff's request for validation, verification, and deletion, Defendant did not respond with any reason as to why and where they may have had permission to obtain the Plaintiff's credit report nor did they respond with any signed contract or agreement obligating the Plaintiff to this debt.

15. On or about May 4, 2012, Plaintiff mailed to Experian, via U.S. Certified Mail Receipt # 7008 1830 0003 1929 5761 a dispute letter and informed them that Plaintiff never gave permission for the Defendant to obtain his credit report and requested that Experian verify and remove the erroneous inquiries from his credit file.

16. Experian failed to respond with verification and proof as to what permission the Defendant may have had.

17. On or about May 23, 2012 Plaintiff mailed a Notice of Pending Lawsuit to Defendant via U.S. Certified Mail Receipt # 7008 1830 0003 1929 5655 this was an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report and collecting an alleged debt without proper validation, the FCRA and FDCPA, and that they are subject to a $1000 fine per month. In addition, to cease violating Federal and State law at Plaintiff's expense, before taking civil action against them.   Defendant failed to respond to Plaintiff's Notice.

18. Discovery of violation brought forth herein is still within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT
## COHEN & SLAMOWITZ, LLP

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

21. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

23. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

24. Plaintiff has never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that could claim to have permissible purpose to obtain his credit report as defined by the FCRA.

25. On June 6, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

26. At no time did Plaintiff give his consent for Defendant, to acquire his consumer credit report from any credit reporting agency.

27. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

28. The Defendant willfully, intentionally, recklessly, and/or negligently violated the provisions of the FCRA by obtaining the Plaintiff's Experian consumer credit report without permissible purpose in violation of FCRA, 15 U.S.C. § 1681b(f).

29. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines, and having to pay higher auto insurance premiums.

30. The Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

31. In the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15

U.S.C. § 1681o.

32. With no permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

33. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

34. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

35. Intentionally failing to provide Plaintiff with a statement that the consumer reporting agency from which it obtained a consumer report did not make the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

36. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT
## COHEN & SLAMOWITZ, LLP

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

39. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. § 1681a(d).

40. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

41. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

42. Plaintiff has never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that could claim to have permissible purpose to obtain his credit report as defined by the FCRA.

43. On July 16, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

44. At no time did Plaintiff give his consent for Defendant, to acquire his consumer credit report from any credit reporting agency.

45. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

46. The Defendant willfully, intentionally, recklessly, and/or negligently violated the provisions of the FCRA by obtaining the Plaintiff's Experian consumer credit report without permissible purpose in violation of FCRA, 15 U.S.C. § 1681b(f).

47. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines,

and having to pay higher auto insurance premiums.

48. The Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50. With no permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

51. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

52. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

53. Intentionally failing to provide Plaintiff with a statement that the consumer reporting agency from which it obtained a consumer report did not make the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

54. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

      **WHEREFORE,** Plaintiff demands judgment for damages against Defendant for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. §1681
## NEGLIGENT, RECKLESS, NON-COMPLIANCE BY DEFENDANT
## COHEN & SLAMOWITZ, LLP

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant acts as described herein, were done negligently and without care or concern for well-being of Plaintiff.

57. Defendant negligently violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

58. As a proximate consequence of Defendant's negligence, Plaintiff has suffered severe emotional and mental distress.

59. As a result of the Defendant's unlawful acts Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, as well any costs and fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §1692 BY DEFENDANT COHEN & SLAMOWITZ, LLP

60. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. §1692g(b) by not ceasing collection efforts on the alleged debt until it was validated.

    (b) Defendant violated 15 U.S.C. §1692g(a)(1) by not sending to the Plaintiff a clear validation notice stating the amount of the debt.

(c) Defendant violated 15 U.S.C. §1692g(a)(5) by not sending to the Plaintiff a clear validation notice containing the name and address of the original creditor to whom the debt was owed.

(d) Defendant violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(e) Defendant violated 15 U.S.C. §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(f) Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C. § 1692k.

62. The forgoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* and pursuant to 15 U.S.C. § 1692k(a)(2)(A); against Defendant;

2. Other fees and costs pursuant to 15 U.S.C. § 1681, *et seq.* against Defendant;

3. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial for Plaintiff;

4. Punitive damages; in such amount as is found appropriate; and

5. Such other and further relief as may be just and proper.

Plaintiff reserves the right to amend complaint if Defendant continues to violate sections of the

Fair Debt Collections Practices Act after the date of the filing of this complaint.

## DEMAND FOR TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 31,  2012
Respectfully Submitted,

By: _____

Moses Perl
337 Schunnemunk Road
Highland Mills, NY 10930
jp84510950@gmail.com

## CERTIFICATION & AFFIRMATION OF SERVICE

I Moses Perl hereby certify and declare under penalty of perjury that I have served a copy of

this Amended Complaint on July 31, 2012, thru the U.S. Mail. I mailed a true and correct

copy of the above and foregoing Amended Complaint to the parties listed below.

COHEN & SLAMOWITZ, LLP
199 Crossways Park Drive,
Woodbury,  NY 11797-9004
Certified Receipt #  7011 2970 0003 5227 7104

Dated: July 31,  2012

By: _____

Moses Perl

10





Prepared for: **MOSES PERL**
Date:              **2011**
Report number: **3121-0953-73**

| **Request for your credit history** | **Outcome** | **Request for your credit history** *continued* | **Outcome** |
|---|---|---|---|
| AMERICAN EXPRESS 06122011 | | VERIFACTS INC 02032010 | |
| CITIBANK 06102011 | | NORTHLAND GROUP, INC 03012011 | |
| ASSET ACCEPTANCE LLC 08072009 | | COHEN & SLAMOWITZ LLP 06062011 | |
| RJM ACQUISITIONS FUNDING 05062011 | | COHEN & SLAMOWITZ LLP 07162011 | |
| RJM ACQUISITIONS FUNDING 06062011 | | Visit experian.com/status to check the status of your pending disputes at any time | |
| RJM ACQUISITIONS FUNDING 06112011 | | | |
| RJM ACQUISITIONS FUNDING 06132011 | | | |
| RJM ACQUISITIONS FUNDING 07162011 | | | |
| MALEN AND ASSOCIATES 08102009 | | | |
| VERIFACTS INC 01192010 | | | |

0151563107